UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

      Plaintiff,

                          CASE NO. 02-CV-74718-DT
v.                       JUDGE ROBERT H. CLELAND
                          MAGISTRATE JUDGE PAUL J. KOMIVES

GARY MCKESSEY,
JOHN DOE (3 OFFICERS),
JACKSON COUNTY JAIL,
JACKSON COUNTY SHERIFF'S
DEPARTMENT, MICHAEL
HENDERSON, DAN HEYNS,
CLIFF RISNER, PHIL WATSON
and SANDRA WALKER;

      Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT MCKESSEY'S MOTION TO COMPEL (Doc. Ent. 64)**

**I.    DISCUSSION**

**A.    Background [1]**

On December 4, 2002, plaintiff filed a pro se[2] prisoner civil rights complaint against defendants Jackson County Sheriff's Department; Jackson County Jail Administrator; Officer Gary McKessey; and three unnamed officers. (Doc. Ent. 3 [Compl.]). The details of his complaint stem from a 2002 incident at the Jackson County Jail. Compl. at 1-3.

On July 28, 2003, plaintiff filed a motion to amend his complaint. (Doc. Ent. 39). The

---

[1] On December 31, 2002, all pre-trial proceedings were referred to me by Judge Cleland. (Doc. Ent. 7).

[2] On November 20, 2002, plaintiff filed an application to waive prepayment of the filing fee. (Doc. Ent. 1). I granted plaintiff's application on December 4, 2002. (Doc. Ent. 2).

1

proposed amended complaint names five defendants [Dan Heyns, Michael Henderson, Gary McKessy, Cliff Risner, and Phil Watson] and sets forth three counts: (1) a civil rights claim under 42 U.S.C. § 1983 against defendants McKessy, Risner, and Watson; (2) an assault and battery claim against defendants McKessy, Risner, and Watson; and (3) a civil rights claim under 42 U.S.C. § 1983 against defendants Heyns and Henderson.

On September 23, 2003, I entered an order granting plaintiff's July 28, 2003 motion to amend. (Doc. Ent. 43). Thereafter, plaintiff's proposed complaint was filed, effective the date of my order granting his motion to amend. (Doc. Ent. 44).

**B.    Defendant McKessey's Motion to Compel**

On October 7, 2004, I entered an order providing, in pertinent part, that the discovery deadline was April 1, 2005 and the dispositive motion deadline was April 30, 2005. This order further provided that counsel for the parties shall agree on the dates and times for the taking of any depositions of incarcerated persons and appropriate orders presented to me for entry to authorize the taking of such depositions in accordance with Fed. R. Civ. P. 30(a)(2). (Doc. Ent. 58).

On March 24, 2005, defendant McKessey filed a motion to compel discovery and to extend discovery cut-off date for 30 days or, in the alternative, to dismiss plaintiff's complaint. (Doc. Ent. 64 [Mtn.]). On March 29, 2005, defendants Heyns, Henderson, Risner and Watson filed a concurrence with defendant McKessey's motion. (Doc. Ent. 65).

On March 31, 2005, plaintiff was paroled. *See* www.michigan.gov/corrections, "Offender Search". On April 7, 2005, plaintiff filed a response to the discovery motion. (Doc. Ent. 69 [Rsp.]).

On April 20, 2005, I conducted a telephone hearing on this motion. The agreements discussed during the hearing are reflected below.

**C.     Analysis**

1.      Defendant McKessey seeks 30 day extensions of the April 1, 2005, and April 30, 2005, discovery and motion deadlines. Mtn. ¶ 12. Plaintiff concurs in this request, "but respectfully requests that this Court extend the dates for ninety days, as requested in the March 9, 2005, letter from Christopher Kerr to Magistrate Judge Komives[.]" Rsp. at 2.

I have already entered an order providing that all discovery shall be concluded by July 1, 2005 and any further dispositive motions shall be filed by July 29, 2005. (Doc. Ent. 66). Although the order was filed on March 9, 2005, before the instant motion was filed, my order was not docketed until March 31, 2005.

However, in order to reflect the 90-day extension request discussed at the April 20, 2005, hearing, the discovery deadline is extended to July 20, 2005, and the dispositive motion deadline is extended to August 22, 2005.

2.      Regarding discovery, defendant McKessey mentions difficulty with obtaining a deposition date for plaintiff, appropriate medical evaluations, and supplemental answers to interrogatories. Mtn. ¶ 10. Defendant McKessey also mentions the absence of several record authorizations. Mtn. ¶ 11.

In light of plaintiff's parole, he contends that "the major obstacle to moving this case forward and completing discovery has been eliminated." Rsp. at 2. Furthermore, plaintiff alleges:

Since [his] release, he has executed all of the outstanding authorization for records, which have been forwarded to Records Deposition Service for processing. In addition,

> [he] will stipulate to an Order that compels him to appear for the taking of his deposition, that compels him to amend his Answers to Interrogatories to describe any residual injury still complained of, and that compels an appropriate medical and/or psychiatric evaluation as may be appropriate based on the amended interrogatory answers.

Rsp. at 2.

In light of plaintiff's response and the discussion that took place at the April 20, 2005 telephonic hearing, defendant McKessey's motion is granted to the extent it sought discovery.

3. If discovery is not provided, defendant McKessey alternatively requests dismissal of the case on the basis of plaintiff's failure to conduct discovery. Mtn. ¶ 13. In light of my foregoing ruling with regard to discovery, this portion of defendant McKessey's motion is denied without prejudice to being refiled in the event defendant McKessey does not receive the above-described discovery.

**II.     ORDER**

In accordance with the foregoing discussion, defendant McKessey's motion (Doc. Ent. 64) is GRANTED to the extent it sought an extension of the discovery and dispositive motion deadlines. The discovery deadline is extended to July 20, 2005, and the dispositive motion deadline is extended to August 22, 2005,

Furthermore, the motion is GRANTED to the extent it sought discovery:

- Plaintiff shall be deposed on a date and time agreed to by the parties.
- Plaintiff shall amend his interrogatory answers to describe any residual injury of which he still complains by May 20, 2005.
- Plaintiff shall submit to independent medical and/or psychiatric evaluations justified by the amended interrogatory answers.

Finally, the motion is DENIED WITHOUT PREJUDICE to the extent it seeks the alternative of dismissal with prejudice and with costs and attorney fees that may be applicable.

Defendant may refile this portion of his motion if he does not receive the discovery as set forth above.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


DATED:   April 21, 2005                              S/Paul J. Komives
                                                 PAUL J. KOMIVES
                                                 UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorney(s) and/or the party(ies) of record by electronic means or U.S. Mail on April 21, 2005
>
> s/Kim Grimes
> On behalf of Eddrey Butts